BURKHARDT v. HANCOCK.

*Negligence—Charge to jury—Liability of husband for wife*
*negligently driving automobile—Charge not excepted to*
*or instruction requested.*

Failure to charge that plaintiff would not be barred by negligence of wife driving automobile colliding with defendant's automobile unless she was his agent, not excepted to or requested to be charged before submission of case to jury, *held* not reversible error.

(Decided June 14, 1926.)

ERROR: Court of Appeals for Lucas county.

*Mr. G. H. Lewis* and *Mr. W. H. McLellan, Jr.,* for plaintiff in error.

*Messrs. Miller, Brady, Yager & Leidy,* for defendant in error.

YOUNG, J. This action is a result of a collision between two automobiles which were owned at the time by the respective parties hereto. The plaintiff in error, Archie Burkhardt, was plaintiff below, and the action is to recover by reason of alleged damages sustained to plaintiff's automobile. The wife of the plaintiff was driving his machine in a northerly direction on Shenandoah road in the city of Toledo, the defendant, Frank D. Hancock, was operating his machine in an easterly direction on Oakwood avenue in the city of Toledo, and the collision occurred in the intersection of said streets. The case was tried to a jury in the court below, a verdict rendered in favor of the defendant, and

the principal alleged error claimed is as to the charge of the court.

The defendant testified that, when he first saw the plaintiff's automobile coming, it was about 175 to 200 feet south of the intersection, and that, when he again observed the car, it was some 75 to 100 feet south of the intersection, at which time he was approaching the intersection at the west cross-walk; that he veered his car to the left, in an attempt to cross the street, when the car of the plaintiff, driven by his wife, was directed a little to the right, and the two machines came together at the northeast corner of said intersection, the plaintiff's car striking defendant's car, which resulted in damage to both machines. Defendant claims that the plaintiff's car was being driven at a high rate of speed, more than that allowed by the ordinance of the city of Toledo, and that the car was negligently operated by the wife of the plaintiff. The plaintiff, however, contends that the defendant violated an ordinance of the city of Toledo which provides that the one on the right shall have the right of way, and that, further, there was a violation of the state law, which provides that the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle to the vehicle approaching from the right.

The testimony is at variance in reference to the manner in which plaintiff's car was being operated just prior to and at the time of the accident. One of the witnesses testified that Mrs. Burkhardt stated to him that in her attempt to stop she put her foot on the accelerator, instead of on the brake, and therefore was unable to stop the car in time to

prevent the collision. This statement is denied by the wife of the plaintiff, the operator of the car, and in support of this denial she contends that the car skidded, which was an indication that she put her foot on the brake and not on the accelerator. It is contended by plaintiff in error that the only question before the court and jury was that of negligence upon the part of the defendant, and he complains that the charge of the court is based upon an issue as though it were between the defendant and Mrs. Burkhardt, each to exercise ordi nary care. It is further contended that the negli gence of Mrs. Burkhardt, if any, was immaterial, so far as it affected the right of the plaintiff to recover, for the reason that she was not an agent for the plaintiff, nor on a mission for him. It is true the court failed to charge that the plaintiff would not be barred by reason of the negligence of the wife of plaintiff, unless the jury found there was evidence to show that she was the agent of her husband, or was on a mission for him at his request. The failure, however, to include this in the charge was not excepted to, nor taken advantage of by the plaintiff before the case was submitted to the jury, and we cannot say in the light of the charge as a whole that this omission, without a request to so charge, was error or misleading. We are of the opinion that the charge of the court is not preju dicial to the rights of the plaintiff.

*Judgment affirmed.*

RICHARDS and WILLIAMS, JJ., concur.